# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF ARKANSAS (LITTLE ROCK DIVISION)

**In Re:** Lawonda F. Turner, Debtor.

**Case No:** 4:26-bk-___________ (Chapter 13)

FILED
U.S. BANKRUPTCY COURT
EASTERN & WESTERN DISTRICTS
OF ARKANSAS
09/29/26 2:52 pm
LINDA McCORMACK, CLERK
By: MaryBethMansfield
DEPUTY CLERK

# DEBTOR'S PRO SE MOTION TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(4)

Comes now the Debtor, Lawonda F. Turner, appearing *pro se*, without counsel, and respectfully moves this Court to enter an Order imposing the automatic stay pursuant to 11 U.S.C. § 362(c)(4) against all creditors, including PHH Mortgage Corporation (operating as Onity Mortgage) and USAA Federal Savings Bank. In support of this Motion, Debtor respectfully states to the Court:

1. **Jurisdiction:** This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362. This is a core proceeding.
2. **Filing Status:** The Debtor filed the underlying emergency Chapter 13 bankruptcy petition completely *pro se* due to an absolute inability to secure local counsel within the State of Arkansas after manually contacting between 50 to 100 separate legal offices.
3. **Prior Case Dismissals:** Debtor has had two prior bankruptcy cases dismissed within the preceding one-year period. Debtor explicitly states that these prior dismissals occurred through no fault of her own. In her previous Chapter 13 case, Debtor was completely compliant with her court-ordered obligations, faithfully executing three consecutive regular monthly plan payments of exactly $1,010.00. That case was ultimately dismissed solely due to a total communication failure by her appointed counsel at Legal Aid of Arkansas, who completely failed to notify or update Debtor regarding an administrative court payment deadline.
4. **The Root Cause of Continuing Estate Vulnerability:** Debtor's ongoing mortgage crisis was initiated because prior bankruptcy counsel failed to file and execute the formal mortgage reaffirmation agreement prior to the expiration of the statutory extension timeline, leaving her mortgage contract exposed. Debtor receives all of her steady, regular income from VA Disability Compensation as a 100% Disabled Veteran, and this unrepresented emergency filing is the only legal avenue available to protect her estate.
5. **Substantial Creditor Misconduct and Loss Mitigation Loops:** Debtor requires the immediate protection of the automatic stay due to ongoing, bad-faith account manipulation by PHH Mortgage Corporation (operating as Onity Mortgage). PHH Mortgage purchased her loan from Rushmore Servicing while she was under the protection of an active bankruptcy case and immediately began manipulating account registers. Specifically, PHH boarded a contract principal baseline of $144,530.75, but submitted an inflated claim that directly caused Page 3 of the Chapter 13 Standing Trustee's Final Report and Account to finalize an overcharged total secured claim allowed of exactly $158,754.56. PHH systematically blocked Debtor's voluntary options to pay her regular contract baseline payment of $765.16 in order to manufacture an artificial default track, while simultaneously trapping her in an exhausting loss mitigation paperwork loop—repeatedly issuing letters stating her application was under review, then flipping the status back to incomplete by claiming documents were missing. Their office actively harassed and interrogated Debtor by aggressively demanding a personal, written

2 pages
MBM/OTC

statement explaining why her loan originally defaulted before they ever boarded the account—using a historical, pre-bankruptcy default as an artificial administrative hurdle to intentionally block her application, and explicitly using her refusal to answer for that old debt as their primary reason to deny her modification. Furthermore, PHH subjected her household to predatory physical surveillance, sending field agents to take drive-by photographs of her home twice (once during a dangerous winter ice storm and again during the summer, which was witnessed and documented by neighbors).

6. **Car Loan Restructuring:** Debtor also requires the imposition of the stay to protect her primary vehicle loan with USAA Federal Savings Bank, which was completely omitted from her prior petition due to her attorney's negligence, preventing her from executing a necessary and valid Chapter 13 cramdown to slash the principal balance down to the vehicle's true market value.
7. **Irreparable Harm:** If the automatic stay is not imposed immediately under Section 362(c)(4), Debtor will suffer immediate, severe, and irreparable financial and physical injury through the loss of her primary residence, leaving a 100% Disabled Veteran completely insulated from safety. No creditors will be prejudiced by the imposition of the stay, as all secured parties will receive adequate protection through the upcoming Chapter 13 plan.

**WHEREFORE,** Debtor Lawonda F. Turner respectfully requests that this Court set an expedited hearing on this matter, and upon conclusion, enter an Order imposing the automatic stay fully into effect as to all creditors and all property of the estate pursuant to 11 U.S.C. § 362(c)(4).

Respectfully submitted,

9/28/2026

**Lawonda F. Turner, Pro Se Debtor**
1724 Pilot Ct
Jacksonville, AR 72076
501-394-8155