# DEBTOR'S EMERGENCY MOTION TO EXTEND THE AUTOMATIC STAY

FILED
U.S. BANKRUPTCY COURT
EASTERN & WESTERN DISTRICTS
OF ARKANSAS
10/05/26 12:26 pm
LINDA McCORMACK, CLERK
By: MaryBethMansfield
DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: LAWONDA FAYE TURNER
CASE NO. 4:26-bk-13899
CHAPTER 13
DEBTOR'S EMERGENCY MOTION TO EXTEND THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. SECTION 362(c)(3)(B)

Comes now the Debtor, Lawonda Faye Turner, appearing Pro Se, and for her Emergency Motion to Extend the Automatic Stay pursuant to 11 U.S.C. Section 362(c)(3)(B), respectfully states to this Honorable Court:

1. Jurisdiction and Automatic Stay Baseline
   This Court has absolute jurisdiction over this core matter pursuant to 28 U.S.C. Section 1334 and 28 U.S.C. Section 157. The Debtor filed an emergency voluntary Chapter 13 Petition on September 29, 2026, triggering the immediate deployment of the Automatic Stay protection shield under 11 U.S.C. Section 362(a).
2. Multi-Filing Stay Rebuttal and Presumption of Good Faith
   The Debtor had a prior Chapter 13 case (Case No. 4:26-bk-10929) filed on March 11, 2026, which was structurally dismissed by the Court on June 29, 2026, strictly due to administrative scheduling failures and systemic docket-monitoring negligence executed by her court-appointed Legal Aid of Arkansas counsel. Under 11 U.S.C. Section 362(c)(3)(A), because this represents the Debtor's second case within a single 12-month window, the automatic stay is textbook-capped to expire automatically after 30 days unless extended by this Court.

Pursuant to 11 U.S.C. Section 362(c)(3)(B), the Debtor hereby files this emergency application inside her first 30 days to demonstrate that this current case was filed in absolute good faith to save her primary residential home, and respectfully requests a formal court order extending the automatic stay protection line continuously throughout the life of this case.

3. Complete Absence of Substantial Delinquency; Extreme Debtor Good Faith
   The dismissal of the Debtor's prior Chapter 13 case was completely free of any bad-faith action or funding failure by the Debtor. The Debtor meticulously proved her absolute intent to fund her mortgage note by successfully depositing three separate contractual payments of $1,010.00 directly from her USAA register into the Chapter 13 Trustee's court accounts, depositing exactly $3,030.00 into the court register. These funds were kicked back to the Debtor solely because her appointed Legal Aid counsel completely failed to monitor baseline filing fee windows, resulting in an administrative dismissal over a standard $313 installment. The Debtor possesses a stable, guaranteed income through her VA disabled military veteran benefits and can seamlessly maintain her Chapter 13 plan parameters moving forward.
4. Clear Change in Circumstances: The Pro Se Offensive
   The Debtor's prior case failed exclusively because she was trapped under a severe state

3 pages
MBM

of professional malpractice, lack of communication, and abandonment by counsel. The landscape of the Debtor's case has completely changed. Left abandoned by local legal assistance networks, the Debtor has stepped up as a Pro Se defender, bypassed all negligent attorney avenues, and is directly executing her own defense track. She is currently executing intake reviews with elite national consumer law firms to handle federal litigation against the creditor.

5. Material Mortgage Servicing Deception and Critical Accounting Fraud
An extension of the automatic stay is urgently required to prevent a multi-billion-dollar bank from executing a predatory foreclosure track built entirely on a faked corporate ledger. While Onity's authorized corporate signer, Blaine Shadle, swore under penalty of perjury that the debtor's true onboard principal balance was established via modification at $144,530.75, the creditor filed highly padded, ungrounded court claims that drove the total secured demand allowed up to an astronomical metric over $158,000.00.

Furthermore, the creditor actively violated the Chapter 13 automatic stay on March 18, 2026, by charging post-petition inspection fees and holding funds in unauthorized suspense accounts while the stay shield was live, and continued to run direct, deceptive debt collection runs by printing commercial tear-off remittance payment coupons demanding thousands of dollars in padded fees on a personal debt that was legally extinguished in her Chapter 7 discharge. The creditor even went so far as to deploy drive-by surveillance units to sneak around her yard and photograph her home when ice and snow were on the ground, capturing the ice patches inside their own valuation photos, and then billed her statements for the surveillance runs used to harass her.

6. Direct Statements by the Honorable Judge Taylor on the Record
The filing of this current emergency Chapter 13 Petition Pro Se follows direct statements made on the record by the Court itself. At the final hearing on September 22, 2026, while the Court accepted the creditor's technical in rem property lien arguments to dismiss the debtor's contempt motions, Bankruptcy Judge Richard D. Taylor explicitly stated on the record that the debtor retained the absolute right to file a subsequent Chapter 13 petition to protect her primary residence.
7. High Balance of Hardships and Public Safety Irreparable Injury
The balance of hardships tips heavily in favor of the Debtor. If the automatic stay is allowed to lapse after 30 days, Onity will immediately resume an illegal foreclosure track, strip the housing equity of a 100% disabled military veteran, and throw her family onto the street based on faked accounting numbers. The creditor will suffer zero prejudice or harm by an extension, as their property lien remains fully protected in the court matrix while the Debtor funds her plan. This relentless corporate harassment campaign has caused an acute psychiatric and metabolic crisis, backed by three separate VA doctors' clinical notes detailing dangerous blood sugar surges and severe panic attacks, stressed induced migraines, and Severe Depression.

WHEREFORE, the Debtor, Lawonda Faye Turner, respectfully prays that this Honorable Court enter a formal Order:
A. Extending the absolute Automatic Stay protection shield under 11 U.S.C. Section 362(c)(3)(B) permanently past the initial 30-day window throughout the duration of this case;
B. Freezing all foreclosure tracks and billing collection maneuvers by Onity Mortgage

Corporation; and

C. Granting the Debtor such other, further, and general relief to which she may be justly entitled.

**Dated: October 1, 2026**

Respectfully Submitted,

Lawonda Faye Turner, Pro Se
1724 Pilot Ct, Jacksonville, AR 72076
501-394-8155

---

Lawanda Turner
4 Pilot CT
ksonville, AR 72076

CERTIFIED MAIL

9589 0710 5270 4203 2039 37

Retail

72201

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
JACKSONVILLE, AR 72076
OCT 01, 2026

$7.53

S2324K502546-08

United States Bankruptcy Court for Eastern District
300 W. 2nd St
Little Rock, Ar 72201

RECEIVED
U.S. BANKRUPTCY COURT
EAST & WEST DISTS OR AR
OCT 0 5 2026
LINDA McCORMACK CLERK by ____________